

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/29/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 12-30565 |
| ROBERT FITZGERALD MORRISON | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

## MEMORANDUM OPINION
**(Docket Nos. 79, 86 and 92)**

In this contested matter, Tammy Morrison, the Debtor's estranged spouse, seeks a determination that the Debtor's inclusion of certain community property in his bankruptcy schedules is improper under the theory that the subject property is her "sole management community property" and therefore not property of the estate under 11 U.S.C. § 541. The Court has jurisdiction over the matter pursuant to 11 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. 157(b). The Court has constitutional authority to enter a final order. Based on the pleadings, the evidence adduced, the parties' arguments and a review of the applicable law, the Court concludes that the community property at issue is under the joint management of the parties and properly included as property of the estate under 11 U.S.C. § 541(a)(2).

Robert Morrison and Tammy Morrison are engaged in a bitter divorce proceeding that was filed in March 2011. The parties appear to be intent on reducing their modest marital estate to a pittance in order to argue that each should get a disproportionate share of nothing. The Court finds the behavior to be contrary to common sense and ultimately, self-destructive. The Court attributes the limited progress that has thus far been made in the case solely to the attempts of the parties' bankruptcy counsel to bring a sense of practicality to the dispute.

Robert Morrison filed a chapter 13 case on January 26, 2012 [Docket No. 1]. The case has not progressed in the expected fashion due to the parties' intense bickering. The Court has conducted several hearings in this case in which Mrs. Morrison's family law counsel has demonstrated a willingness to ignore applicable bankruptcy law and engage in tactics that are harmful to her client without any foreseeable benefit. The Court has previously reserved the issue of sanctions, including disbarment, against Ms. Morrison's family law counsel. Mrs. Morrison's family law counsel is not, however, alone. Mr. Morrison's family law counsel has also engaged in behavior that violates applicable bankruptcy law although the Court has previously determined that such behavior was due to her unfamiliarity with the law as opposed to an affirmative disregard.

On May 29, 2012, Mrs. Morrison filed her original "Motion to Object to the Characterization of Assets in Debtor's Schedules" [Docket No. 79]. Mrs. Morrison filed her "First Amended Motion to Object to Characterization of Assets" on June 1, 2012 [Docket No. 86] and her "Second Amended Motion to Object to Characterization of Assets" on June 8, 2012 [Docket No. 92]. The Debtor objected to the motions on June 11, 2012 [Docket No. 11]. The primary argument advanced in all three motions is that certain property listed by the Debtor in his schedules should not have been included because the property is under her sole management and control and is therefore not property of the estate under 11 U.S.C. § 541. Specifically, Mrs. Morrison asserts that the following property should not have been listed by Mr. Morrison and should be excluded from property of the estate:

(a) The Morrisons' residence located at 553 Pecan Drive, South Houston, Texas.

(b) Three rental properties located at 504, 506 and 508 West Kezee, Calvert, Texas and all income therefrom.

(c) 2006 Infiniti M35 automobile.

(d) 2004 Chevrolet Silverado automobile.

The Court conducted an evidentiary hearing on June 12, 2012. The parties stipulated that the foregoing property was purchased during the marriage and therefore constitutes community property. The documentary evidence adduced at the hearing further establishes that (i) the 553 Pecan Drive property is titled in the name of both parties; (ii) the note and deed of trust executed in connection with the purchase of the 553 Pecan Drive property were executed jointly by both parties; (iii) the three rental properties are titled in the name of both parties; (iv) the mobile homes of the three properties are titled in the name of both parties; (v) leases of the rental properties were entered into jointly by both parties as "landlord"; (vi) the two vehicles are jointly titled in name of both parties. Each of the foregoing supports the conclusion that the property is under the joint management and control of Mr. and Mrs. Morrison. *See In re McCloy*, 296 F.3d 370, 373-74 (5th Cir. 2002). Despite these facts, the thrust of Ms. Morrison's argument is that the Family Court's temporary orders in the divorce proceeding giving Ms. Morrison temporary use and control of the listed property somehow permanently converted the property into sole management community property.

Section 541 of the Bankruptcy Code provides that property of the estate includes "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—(A) under the sole, equal or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is liable." The term, "community property," is not defined under the Bankruptcy Code but is a term of art used to describe property that may be purchased or held by a married person living in a state that utilizes a community property system. *In re Robertson*, 203 F.3d 855, 859 (5th Cir. 2000); *In re Trammell*, 399 B.R. 177, 182 (Bankr. N.D. Tex. 2007).

An interesting situation develops when only one spouse files a chapter 13 bankruptcy case. The filing spouse may wish to include all community property in order to more easily garner resources to fund a plan. On the other hand, the non-filing spouse will assert that valuable property is under his or her "sole management and control" in order to avoid having that property included in the filing spouse's bankruptcy case. The potential for abuse and manipulation further increases when the parties are involved in a divorce proceeding and potential property division becomes an effective litigation tactic.

Under Texas law, "each spouse has the sole management, control, and disposition of the community property that the spouse would have owned if single, including (1) personal earnings; (2) revenue from separate property; (3) recoveries for personal injury; (4) the increase and mutations of, and the revenue from, all property subject to the spouse's sole management, control and disposition." TEX. FAM. CODE ANN. § 3.102(a) (West 2006). Otherwise, all community property is subject to the joint management, control, and disposition of the spouses unless the spouses provide otherwise in writing or other agreement." TEX. FAM. CODE ANN. § 3.102(c) (West 2006).

Mrs. Morrison produced no evidence that she would have owned any of the identified property if she were not married to Mr. Morrison. To the contrary, the evidence suggests that each of the identified assets was jointly purchased by the Morrisons as part of their joint efforts to build a successful marital estate. All of the assets are titled in the name of both Mr. and Mrs. Morrison. No agreements were produced that vest sole management and control in either Mr. or Mrs. Morrison. Each party contributed to their joint ownership of the property. Although Mrs. Morrison asserts that she (i) is the current sole occupant of the residence at 553 Pecan Drive; (ii) manages the rental properties; and (iii) is the sole driver of the vehicles, none of the foregoing, even if true, meets the statutory requirements for a finding that the property is Mrs. Morrison's sole management community property. The Court also notes that the majority of the foregoing events are driven by the existence of the divorce proceeding and do not reflect the actual intent and practice of the parties prior to divorce proceedings being commenced.

Mrs. Morrison also asserts, without support, that the family court's temporary orders entered February 9, 2012 and May 3, 2012 giving Mrs. Morrison exclusive use and control of the subject property converted the property into Mrs. Morrison's sole management community property. The Court likewise has been able to find no support for such a proposition. The Court finds this argument to border on the frivolous. Moreover, if Mrs. Morrison genuinely believed that such a transfer of rights occurred, Mrs. Morrison would have intentionally violated the automatic stay and the transfer would be avoidable under 11 U.S.C. § 549. The Court assumes that Mrs. Morrison and her family law counsel did not contemplate the impact of taking such a position. The subject property is property of the estate under 11 U.S.C. § 541(a)(2)(A).

Neither of the parties addressed § 541(a)(2)(B). The Court has reviewed the docket in the Debtor's bankruptcy case and the claims that have been asserted. Based on the nature of the property and the claims asserted, the Court also finds that the subject property is property of the estate under 11 U.S.C. § 541(A)(2)(B).

Based on the foregoing, Mrs. Morrison's Motion to Object to Characterization of Assets, as amended and supplemented, is denied. A separate order will issue.

**SIGNED: June 29, 2012.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**